UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SILVIA CARRIZALES | ) | |
| | ) | |
| Plaintiff, | ) | Cause No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| CARLEX GLASS AMERICA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Silvia Carrizales ("Carrizales"), by counsel, for her causes of action against the Defendant, Carlex Glass America, LLC ("Carlex") states and alleges:

### I.    INTRODUCTION

1. This is an action brought by Carrizales against Carlex for interference/retaliation under the Family and Medical Leave Act of 1993 ("FMLA") and discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Carrizales seeks all legal and equitable relief available including lost pay and benefits, future lost pay and benefits, damages for emotional distress, embarrassment and humiliation, liquidated damages, costs and attorney's fees.

### II.    PARTIES

2. Carrizales is an individual citizen and resident of Ligonier, Indiana.

3. Carlex is a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principle place of business located at 7200 Centennial Blvd. Nashville, TN and a factor located at 860 West US 6, Ligonier, Indiana, where Carrizales was employed and terminated.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action by virtue of federal question jurisdiction under 28 U.S.C §1331 because these claims arise out of statutes of the United States of America, specifically the FMLA and the Title VII of the Civil Rights Act of 1964.

5. Venue is appropriate in this Court pursuant to 28 USC § 1391, as Carlex operates in and is a citizen of this judicial district and as all of the events or omission giving rise to the claim occurred in this judicial district.

### IV. FACTS

6. Carrizales incorporates by reference paragraphs 1-5 of her Complaint as if same were fully set forth herein.

7. On or about October 3, 2011, Carrizales started her employment with Carlex as a Print Room Operator at its factory located at 860 West US 6, Ligonier, Indiana.

8. On or about March 27, 2020, Carlex shut down its plant due to Covid-19 and Carrizales and her co-workers were laid off work.

9. On May 14, 2020, Carlex informed its employees that it would be resuming production and expected its staff to return to work starting May 18, 2020.

10. Carrizales notified Carlex that she was experiencing Covid-19-like symptoms and that she would not be returning to work until she received clearance from her doctor.

11. On May 19, 2020, Carrizales called Carlex six different times notifying it of her medical condition and inability to return to work.

12. On May 20, 2020, Carrizales called Carlex providing it an update on her medical condition and inability to return to work.

13. On May 21, 2020, Carrizales called Carlex providing it an update on her medical condition and inability to return to work.

14. On May 22, 2020, Carrizales called Carlex providing it an update on her medical condition and inability to return to work.

15. Also, on May 22, 2020, Carrizales went to her doctor and was given a note regarding her need for medical leave. The medical leave note stated that Carrizales was to remain off work through May 28, 2020. On May 28, 2020 if Carrizales was fever free for three days without fever reducing medications and symptom had improved, then Carrizales was medically cleared to return to work at Carlex. A copy of this medical leave note was given to Carlex.

16. On May 28, 2020, Carrizales' doctor evaluated Carrizales and noted that she was cleared to return to work as of June 1, 2020. A copy of this medical leave note was given to Carlex.

17. During this time, Carrizales had specifically made Carlex aware of her medical condition and provided proof of her need for medical leave from her doctor.

18. Despite this, on May 31, 2020, Carlex notified Carrizales that her employment was terminated for no-call, no show.

19. As of May 18, 2020, Carrizales had zero absence points and under Carlex's attendance policy, employees were permitted up to 8 absence points prior to termination. Under Carlex's policy, a no call, no show results in the assignment of 2 points for each no call, no show.

20. As of May 18, 2020, Carrizales was eligible for 12 weeks of FMLA leave.

21. Carlex knew and had acknowledged Carrizales had a serious medical condition, however, it never provided Carrizales any of the FMLA leave or notified Carrizales that since her doctor was keeping her off work she was eligible for and could apply for FMLA leave.

22. On October 18, 2020, Carrizales filed a Charge of Discrimination, a copy of which is attached hereto as Ex. 1.

23. On October 22, 2020, The EEOC issued Carrizales a Dismissal and Notice of Right, a copy of which is attached hereto as Ex. 2.

## V.     STATEMENT OF CLAIMS

### COUNT I - FMLA Violation

24. Carrizales incorporates by reference paragraphs 1-23 of her Complaint as if same were fully set forth herein.

25. Carrizales asserts that her termination was in violation of the FMLA and that her termination from employment constitutes unlawful interference under the FMLA.

26. Carrizales asserts that she was entitled to leave that, if applied correctly, would have resulted in her not exceeding Carlex's absence policy and/or would not have resulted in termination for any alleged no call, no show.

27. Carrizales had what she and her doctor believed to be Covid-19. Carrizales' medical condition was a serious medical condition as that term is defined under the FMLA. Carlex had appropriate notice of Carrizales' need for leave. Carlex interfered with Carrizales' right to take FMLA leave by not giving her leave and instead terminating her employment for alleged no call, no show.

28. Carrizales maintains that Carlex's reason for terminating her for the alleged no call, no show is a pretext.

### COUNT II - NATIONAL ORIGIN DISCRIMINATION

29. Carrizales incorporates by reference paragraphs 1-23 of her Complaint as if same were fully set forth herein.

30. Carlex has discriminated against Carrizales on account of her national Mexican origin, a violation of Title VII of the Civil Rights Act of 1964.

31. As a result of the unlawful discrimination, Carrizales has suffered damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Silvia Carrizales, by counsel, requests the following relief:

1. An order of the Court granting judgment in her favor;

2. An award of damages sufficient to compensate her for her losses including, but not limited to the following:

   a. back pay;

   b. front pay;

   c. liquidated damages, if appropriate;

   d. compensatory damages to compensate her for her embarrassment, humiliation, and emotional distress;

3. Pre-judgment interest;

4. Cost of this action;

5. Reasonable attorney's fee;

6. Any and all other relief appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, Silvia Carrizales, hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

*THEISEN & ASSOCIATES, LLC*

s/Nathaniel O. Hubley
John C. Theisen (#549-02)
Nathaniel O. Hubley (#28609-64)
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: (260) 422-4255
Fax: (260) 422-4245
*Attorneys for Plaintiff*